## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SAMUEL MARTINEZ | § | |
| | § | |
| V. | § | A-15-CA-729-RP |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus is time-barred and should be dismissed.

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 274th Judicial District Court of Caldwell County, Texas. Petitioner was convicted of burglary with the intent to commit aggravated assault and was sentenced to 40 years in prison on February 12, 2003. Petitioner's conviction was affirmed on April 12, 2004. Martinez v. State, No. 03-03-00157-CR, 2004 WL 1791433 (Tex. App. – Austin 2004, pet. stricken). Petitioner was granted an extension of time until December 10, 2004, to file a petition for discretionary review. Petitioner filed his petition on December 29, 2004. It was dismissed as non-compliant on March 2, 2005. Petitioner also challenged his conviction in a state application for habeas corpus relief executed on February 23, 2015. The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on June 3, 2015. Ex parte Martinez, Appl. No. 83,205-02.

In his federal application for habeas corpus relief, Petitioner raises the following claims:  (1) he received ineffective assistance of counsel; (2) the affirmative finding of use of a deadly weapon was not supported;  (3) a jury member was a "cousin-in-law" of Petitioner's wife and should not have been selected for the jury; (4) the judgment does not conform to the indictment; (5) the evidence did not support the finding of intent to commit burglary; and (6) he was unable to get a copy of his trial records to file a state application for habeas corpus relief.

Petitioner's federal application is time-barred and is dismissed.  Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the very latest, on May 31, 2005, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort

is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  Therefore, Petitioner had until May 31, 2006, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until June 29, 2015, nine years after the limitations period had expired.  Petitioner's state application did not operate to toll the limitations period, because it was filed more than eight years after the limitations period had already expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner may be asserting he is entitled to equitable tolling because he had difficulty obtaining a copy of his state court records.  The statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted).  Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights."  See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).  The Fifth Circuit has consistently found no

3

exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline").  As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling).  Moreover, Petitioner has not shown he exercised due diligence in pursuing his claims.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is dismissed with prejudice as time-barred.

It is further **ORDERED** that a certificate of appealability is denied.

**SIGNED** on November 10, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE